

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00436-CR

KENNETH ALLEN TARRILLION, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Collin County, Texas
Trial Court No. 002-82080-2014, Honorable Richard Davis, Presiding

February 19, 2015

## ON ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Following a jury trial, appellant Kenneth Allen Tarrillion was convicted of the misdemeanor offense of assault causing bodily injury.[1]  After hearing punishment evidence, the trial court placed appellant on deferred adjudication community supervision for a period of six months.  Appellant's retained counsel filed a notice of appeal from the trial court's judgment.

---

[1] *See* TEX. PENAL CODE ANN. § 22.01 (West 2013).

Thereafter, retained counsel filed with the trial court a motion to withdraw, which the trial court granted on December 4, 2014.

No clerk's record or reporter's record has been filed. Both the clerk and the reporter have notified this Court that no payment arrangements for the record have been made. Appellant has not corresponded with the Court, despite being notified of his obligation to make payment arrangements for the appellate record.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. TEX. R. APP. P. 37.3(a)(2). On remand, the trial court shall utilize whatever means it finds necessary to determine the following:

(1)     whether appellant desires to prosecute the appeal;

(2)     if appellant desires to prosecute the appeal, whether appellant is indigent;

(3)     if appellant is indigent, whether counsel should be appointed to represent appellant on appeal;

(4)     whether appellant is entitled to have the clerk's and reporter's records furnished without charge; and

(5)     what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute the appeal, to assure that the clerk's and reporter's records will be filed promptly and that the appeal will be diligently pursued. *See* TEX. R. APP. P. 37.3(b).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court determine appellant desires new counsel and is entitled to same, the trial court shall appoint counsel and shall include in its findings of fact the name, address, telephone and fax number, and state bar number of the new counsel appointed. Additionally, the trial court shall also cause

2

to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at any hearing held. The trial court shall cause the supplemental clerk's record and reporter's record, if any, to be filed with the clerk of this Court on or before April 3, 2015. Should additional time be needed to perform these tasks, the trial court may request same on or before that date.

It is so ordered.

Per Curiam

Do not publish.